UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOHNSON & JOHNSON INTERNATIONAL; ETHICON, INC.<br><br>Plaintiffs<br><br>v.<br><br>PUERTO RICO HOSPITAL SUPPLY, INC.; CUSTOMED, INC.<br><br>Defendants | Civil No. 17-1405 (FAB) |

# MOTION TO STRIKE SURREPLY
# AND ITS EXHIBITS

TO THE HONORABLE COURT:

Defendants, Puerto Rico Hospital Supply, Inc. and Customed, Inc., specially appearing without submitting to the Court's jurisdiction, move to strike the surreply (ECF No. 45) filed by Plaintiffs with respect to Defendants' motion to dismiss or stay and compel arbitration.

On June 1, Plaintiffs filed a motion for leave to file a surreply (ECF No. 43), which was granted within less than a quarter of an hour and could not be opposed by Defendants. (ECF No. 44.). Soon afterward, Plaintiffs filed their surreply, including new documents- prepared for this litigation- that concern issues in the separate and fully-briefed motion for provisional remedies and are irrelevant to the arbitration issues in the motion to dismiss.

Plaintiffs' motion for leave represents to the Court that "[t]he sur-reply is necessary to address and put in context certain new matters raised by Defendants." (ECF No. 43, at ¶ 2.) The motion did not identify any such new matters, nor does Plaintiffs' surreply deal with anything new raised in Defendants' reply. On the contrary, it is Plaintiffs' surreply which inadmissibly introduces new documents and issues, including purported new account statements of

Defendants' alleged debt (ECF Nos. 45-3, and 45-4).[1] To make matters worse, these have nothing to do with the issues raised by Defendants' motion to dismiss or treated in Defendants' reply.

Plaintiffs' surreply is a mere repetition of the arguments in Plaintiffs' opposition to the motion to dismiss. Plaintiffs do no more in their surreply than insist of the positions they had already assumed in their opposition. Such repetition and the additional elaboration of arguments raised in Plaintiffs' opposition do not justify a surreply. "A litigant may not use a reply to rehash old arguments or to assert arguments it could and should have presented in an earlier memorandum." *Southwire Co. v. Ramallo Bros. Printing*, 540 F. Supp. 2d 307, 312 n.5 (D.P.R. 2008). Aside from repeating the same arguments of their opposition, Plaintiffs continued to perpetuate in their surreply the misstatements in their opposition and also added new ones, such as their claim that Defendants in their reply address for the first time the so-called Integration Clause of the 2005 Distribution Agreement. Like Plaintiffs' other misstatements, this new one is demonstrably false, since the clause was quoted and discussed in Defendants' motion to dismiss (see ECF No. 19, at p. 12.), a fact pointed out in Defendants' reply (ECF No. 42, at p.8). The claim in any case is not proper matter for a surreply. Plaintiffs' surreply was more of the same and its filing unjustified.

A surreply is contemplated neither in the Federal Rules of Civil Procedure nor in the Court's Local Rules. Moreover, "[a]bsent highly unusual circumstances, sur-replies are not favored*." In re Light Cigarettes Mktg. Sales Practices Litig.*, 832 F. Supp. 2d 74, 78 (D. Me. 2011). Owing to

---

[1] Plaintiffs also attached as an exhibit the undersigned counsel's letter demanding compliance with the "arising out of or relating to" provision in the 2005 Distribution Agreement requiring alternative dispute resolution (first, mediation and failing that, arbitration) of all claims in the complaint, including Defendants' claims under Puerto Rico law that would arise from Plaintiffs' termination of all agreements between the parties. Plaintiffs' counsel responded with a letter, which is an exhibit, that Plaintiffs would agree to mediate only their collection claim concerning the 2005 Distribution Agreement, but refuse to mediate or arbitrate any of their other claims in the complaint (or for that matter, Defendants' claim for termination damages) regardless of whether they arise from or relate to the 2005 Distribution Agreement.

the lack of any explicit rule on surreplies, Plaintiffs framed their motion for leave to surreply under Local Civil Rule 7(c), which provides that "[w]ith prior leave of Court…the moving party may file a reply memorandum…*which shall be strictly confined to replying to new matters raised in the objection or opposing memorandum.*" (Emphasis added.)

Plaintiffs' surreply failed to comply with Local Civil Rule 7(c). It was not "strictly confined to replying to new matters raised" in Defendants' reply, as indeed it could not, since Defendants' reply did not raise any new matters, but was limited to addressing those asserted in Plaintiffs' opposition.  Defendants' reply did not introduce any new issue or basis for the motion to dismiss and compel arbitration, present any new evidence in its support, or discuss any new legal authority that could have arisen after the motion to dismiss or Plaintiffs' opposition were filed. Even if it had done so, neither Plaintiff's motion for leave to surreply nor the surreply itself identify or address any such new matter. "The standard for granting a leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001). Since no such first-time matters were presented in the reply nor contested in the surreply, the standard for granting leave was unmet.

WHEREFORE, Defendants move to strike Plaintiffs' surreply because (1) it did not meet Local Civil Rule 7(c) or the standards required for filing a surreply; and (2) the surreply introduces purported new evidence and issues which were not raised either in Defendants' reply or motion to compel arbitration. In the alternative, even if the court were to consider any of the arguments in Plaintiffs' surrreply, it should strike or disregard the exhibits in ECF Nos. 45-3 and 45-4 concerning matters which are both new and outside of the scope of the issues raised in the motion to dismiss in favor of arbitration.

Respectfully submitted,

At San Juan, Puerto Rico, June 5, 2017.

**CASELLAS ALCOVER & BURGOS, P.S.C.**
PO Box 364924
San Juan PR  00936-4924
Tel. (787) 756-1400
Fax (787) 756-1401

s/Ricardo F. Casellas
USDC-PR No. 203114
rcasellas@cabprlaw.com

s/Heriberto J. Burgos
USDC-PR 204806
hburgos@cabprlaw.com

s/Mariano A. Mier Romeu
USDC-PR 217203
mmier@cabprlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Heriberto López Guzmán and Sonia I. Torres-Pabón.

At San Juan, Puerto Rico, June 5, 2017.

>s/Mariano A. Mier Romeu
>Bar No. 217203
>Casellas Alcover & Burgos, P.S.C.
>PO Box 364924
>San Juan PR  00936-4924
>Tel. (787) 756-1400
>Fax (787) 756-1401
>Email: mmier@cabprlaw.com