## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOHNSON & JOHNSON INTERNATIONAL, *et al.*, <br><br>**Plaintiffs**, <br><br>v. <br><br>PUERTO RICO HOSPITAL SUPPLY, INC., *et al.*, <br><br>**Defendants**. | **Civil No.** 17-1405 (FAB) |

### MEMORANDUM AND ORDER

BESOSA, District Judge.

Before the Court is plaintiffs Johnson & Johnson International and Ethicon, Inc. (collectively, "J&JI")'s motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). (Docket No. 63.) J&JI requests that the Court reconsider its Opinion and Order compelling arbitration and staying all claims pending the completion of arbitration. See Docket No. 53. J&JI also seeks reconsideration of this Court's Order denying J&JI's motion for provisional remedies. See Docket No. 54. Defendants Puerto Rico Hospital Supply, Inc. ("PRHS") and Customed, Inc. ("Customed") (collectively, "defendants") opposed J&JI's request, Docket No. 66, J&JI replied, Docket No. 69, and defendants filed a surreply. See Docket No. 72. For the reasons set forth below, the motion for reconsideration is **DENIED**.

**I. BACKGROUND**

On July 10, 2017, the Court entered an Opinion and Order granting in part and denying in part defendants' motion to dismiss or stay proceedings and compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3 and 4. (Docket No. 53.) The Court also denied J&JI's motion for pre-judgment provisional remedies. (Docket No. 54.)

Now, J&JI requests that the Court reconsider these decisions. (Docket No. 63.) Namely, J&JI objects to the Court's decision to stay this case pending arbitration and the Court's denial of provisional remedies. Id. With respect to the Court's decision to stay the case, Docket No. 53, J&JI argues that: (1) "None of the decisive factors to favor a stay pending arbitration are present here and, given the fact-intensive nature of Law 75 disputes, it is highly unlikely that the arbitration will shed any light on this case; (2) The decision to stay is incompatible with the core holding by the Court that only three discrete controversies are to be submitted to arbitration, none of which are part of the Complaint; (3) The stay is contrary to the parties' unequivocal contractual intention that none of the terms and conditions in the 2005 Agreement (including its arbitration clause) will interfere in any way with the prior existing commercial relationships between the parties; and (4) No stay was warranted given that Defendants abandoned their request to stay by

Civil No. 17-1405 (FAB)                                                3

failing to elaborate it in all their relevant filings." (Docket No. 63 at p. 3.)

J&JI also asserts that the Court erred in its denial of J&JI's motion for pre-judgment provisional remedies. See Docket No. 54. J&JI maintains that: (1) "A stay pending arbitration is not an impediment for the Court to rule on requests for interim reliefs, such as a request for provisional remedies;" (2) "the stay deprives J&JI of a forum (judicial or otherwise) to resolve its request for provisional remedies;" and (3) "The controversies to be submitted to arbitration are so narrow that any interim relief to be awarded by the arbitral forum will be minuscule and only related to the $70,000 debt and the reduced number of products sold under the 2005 Agreement." (Docket No. 63 at pp. 3-4.)

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure "do not specifically provide for the filing of motions for reconsideration." Sanchez-Perez v. Sanchez-Gonzalez, 717 F. Supp. 2d 187, 193-94 (D.P.R. 2010) (Besosa, J.) (quoting Sanchez-Medina v. UNICCO Serv. Co., 265 F.R.D. 29, 32 (D.P.R. 2010)). "[I]t is settled in this circuit[, however,] that a motion which ask[s] the court to modify its earlier disposition of [a] case because of an allegedly erroneous legal result is brought under Fed. R. Civ. P. 59(e)." Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 (1st Cir. 2005)

(quoting In re Sun Pipe Line Co., 831 F.2d 22, 24 (1st Cir. 1987)); see also Cent. Produce El Jibarito v. Luna Commercial Corp., 880 F. Supp. 2d 282, 284 (D.P.R. 2012) (Besosa, J.) (quoting same).

Pursuant to Federal Rule of Civil Procedure 59(e), a district court will alter its original order only if it "evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (quoting Global Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 25 (1st Cir. 2007)). A motion for reconsideration does "not provide a vehicle for a party to undo its own procedural failures [or] allow a party [to] advance arguments that could and should have been presented to the district court prior to judgment." Iverson v. City of Bos., 452 F.3d 94, 104 (1st Cir. 2006) (citing Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997)). "Rule 59(e) does not exist to allow parties a second chance to prevail on the merits . . . [and] is not an avenue for litigants to reassert arguments and theories that were previously rejected by the Court." In re Rosado, Bankr. No. 09-01687, 2013 WL 1309412, at *1 (Bankr. D.P.R. Mar. 28, 2013) (citing Harley-Davidson Motor Co. v. Bank of New England-Old Colony, N.A., 897 F.2d 611, 616 (1st Cir. 1990)).

In deciding a motion for reconsideration, the reviewing court has considerable discretion. Venegas-Hernandez v. Sonolux

Records, 370 F.3d 183, 190 (1st Cir. 2004). "As a general rule, motions for reconsideration should only be exceptionally granted." Villanueva-Mendez v. Nieves Vazquez, 360 F. Supp. 2d 320, 323 (D.P.R. 2005) (Dominguez, J.). "Rule 59(e) relief is granted sparingly . . . ." Biltcliffe, 772 F.3d at 930.

**III. DISCUSSION**

The motion for reconsideration is unavailing because J&JI neither demonstrates a manifest error of law, nor presents newly discovered evidence. See Biltcliffe, 772 F.3d at 930. All new arguments set forth in J&JI's motion for reconsideration are based on formerly available evidence and thus could and should have been presented to the Court prior to its opinion. See Iverson, 452 F.3d at 104. J&JI can no longer raise these arguments. See id. Additionally, all arguments that were previously submitted to the Court in J&JI's earlier motions cannot be reconsidered. See Harley-Davidson Motor Co., 897 F.2d at 616. Having already addressed J&JI's arguments in its decisions, see Docket Nos. 53 and 54, the Court **AFFIRMS** its order to stay this case and its denial of J&JI's motion for provisional remedies.

**IV. CONCLUSION**

For the reasons stated, J&JI's motion for reconsideration (Docket No. 63) is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, October 26, 2017.

                                                s/ Francisco A. Besosa
                                                FRANCISCO A. BESOSA
                                                UNITED STATES DISTRICT JUDGE