IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Johnson & Johnson International, et al. | |
| Plaintiffs, | CIVIL NO. 17-01405 (FAB) |
| v. | |
| Puerto Rico Hospital Supply, Inc., et al. | DECLARATORY JUDGMENT AND COLLECTION OF MONIES |
| Defendants. | |

**Motion to Consolidate**

TO THE HONORABLE COURT:

COME NOW plaintiffs Johnson & Johnson International and Ethicon, Inc., (collectively "J&JI") through the undersigned attorney, and very respectfully move the Court, under Fed. R. Civ. P. 42(a)2 and Local Rule 42, to consolidate this case with Civil No. 17-02281-DRD, a new case filed by Defendants, for the following reasons:

**Introduction**

The case before this Honorable Court is currently stayed pending arbitration since July 10, 2017. See Docket No. 53. Defendants repeatedly argued in favor of staying the parties' non-arbitrable controversies until arbitration had concluded. See Docket Nos. 66 and 72. Yet, on November 7, 2017, a few days after the Court reaffirmed its decision to stay the case pending arbitration, Defendants filed a complaint (in Civil No. 17-02281-DRD) that arise from the very same facts currently before this Court: defendants'

payment and performance breaches, and whether such breaches give rise to a cause of action for damages under the Puerto Rico Dealer's Act or the Puerto Rico Civil Code. See **Exhibit 1**, copy of the complaint filed in Civil No. 17-02281-DRD.

The cases should be consolidated for judicial economy because: (1) both cases involve virtually *identical* questions of fact and law; and (2) consolidation poses no burden on defendants. Furthermore, Defendants' filing of a separate case circumvents this Court's Order to Stay, as the parties will have to litigate their non-arbitrable claims at the same time they will arbitrate the controversies ordered by the Court.

## Argument[1]

### A. Both cases involve virtually identical factual and legal issues

Before the Court are J&JI's non-arbitrable claims consisting essentially of (1) a collection of monies action; (2) a declaration that J&JI is entitled to terminate (under the Puerto Rico Civil Code or, in the alternative, under Act 75) the pre-2005 relationships with PRHS and Customed without any liability; and (3) a declaration that PRHS and Customed acted with bad faith (or *dolus*) by transferring assets necessary to pay their debts with J&JI.

In Civil No. 17-02281-DRD, the gist of Defendants' allegations is essentially the same: whether J&JI is liable to them, based on the very same facts already before this

---

[1] J&JI reserves its right to file a motion seeking remedies under Federal Rule of Civil Procedure 11 and under 28 U.S.C. § 1927.

Court, for terminating the relationships between the parties in violation of Act 75 or, in the alternative, the Puerto Rico Civil Code.[2] In other words, J&JI alleges having just cause for termination, while Defendants allege precisely the opposite.

Moreover, J&JI's defense to defendants' complaint in Civil No. 17-02281-DRD is virtually the same as its case in chief before this Court: J&JI had just cause to terminate and thus it is not liable under Act 75 or the Civil Code. The evidence in both cases is essentially the same, thus for judicial economy the cases should be consolidated. The cases should also be consolidated to avoid turning moot the Court's Order to Stay.

### B. Consolidation poses no burden

Defendants have no legitimate reason to oppose consolidation, particularly after they succeeded in their request to stay the present case. Consolidation would result in judicial economy and efficiencies, as just one court (and one jury) will rule on all the non-arbitrable disputes between the parties. Inconsistent judgments will be avoided. Witnesses will only need to testify and go through depositions once. The parties, essentially, will have a fair opportunity to have the entire case heard at the same time by the same jury and presided by the same judge.

WHEREFORE, J&JI requests the Honorable Court to consolidate Civil No. 17-02281-DRD with the present case.

---

[2] Defendants also raised causes of action for "commercial disparagement," damages under the Puerto Rico Civil Code, bad faith in the performance of contractual obligations, and for a declaratory judgment to render certain contractual language unenforceable.

Respectfully submitted.

In San Juan, Puerto Rico, this 28th day of November 2017.

**MELENDEZ TORRES LAW, PSC**
*Attorneys for*
*Johnson & Johnson International and Ethicon, Inc.*
MCS Plaza, Suite 1200
255 Ponce de León Avenue
San Juan, PR 00917
Telephone (787) 281-8100
Fax (787) 281-8310

s/*Sonia I. Torres Pabón*
USDC-PR No. 209310
storres@melendeztorreslaw.com

s/*Heriberto López-Guzmán*
USDC-PR No. 224611
hlopez@melendeztorreslaw.com

**CERTIFICATION**

IT IS HEREBY CERTIFIED that on this same date I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/Heriberto López-Guzmán*
Heriberto López-Guzmán

4